In re: BUDEPRION XL MARKETING & SALES PRACTICES LITIGATION.

MDL No. 2107.

United States Judicial Panel on Multidistrict Litigation.

Dec. 2, 2009.

Before JOHN G. HEYBURN, II, Chairman, ROBERT L. MILLER, JR. KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., and DAVID G. TRAGER, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN, II, Chairman.

**Before the entire Panel:** Defendants [1] in six actions move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the actions listed on Schedule A in the Northern District of Texas or, alternatively, the Eastern District of Louisiana.[2] Plaintiffs in all actions support centralization in the Eastern District of Pennsylvania.

The defendants' motion encompasses an action each in the Central District of California, the Middle District of Florida, the Eastern District of Louisiana, the Eastern District of North Carolina, the Eastern District of Pennsylvania and Northern District of Texas.

On the basis of the papers filed and hearing session held, we find that these six actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve common factual questions arising from the chemical composition Budeprion XL, which defendants allegedly represented as equivalent to Wellbutrin XL but which purportedly contained an inferior delivery mechanism that causes Budeprion XL to release its active ingredient more rapidly. Plaintiffs contend that Budeprion XL is thus a less effective drug than Wellbutrin XL for treating depression and more likely to cause dangerous side effects. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

The Eastern District of Pennsylvania, where the first action filed in federal court is pending, stands out as an appropriate transferee forum. Teva is based in this district, so relevant documents and witnesses are likely found there. Further, by centralizing the actions before Judge Berle M. Schiller, we are selecting a jurist suitable to steering this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Berle M. Schiller for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

1. Teva Pharmaceuticals USA, Inc. (Teva); Teva Parental Medicines, Inc.; Impax Laboratories, Inc.; and Anchen Pharmaceuticals, Inc.

2. The parties have notified the Panel of three related actions pending, respectively, in the Southern District of Ohio, the Northern District of Oklahoma and the Western District of Washington. These actions and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

## SCHEDULE A

### MDL No. 2107 — IN RE: BUDEPRION XL MARKETING & SALES PRACTICES LITIGATION

*Central District of California*

Laura Kelly v. Teva Pharmaceutical Industries Ltd., et al., C.A. No. 2:09–5348

*Middle District of Florida*

Sherri Henchenski, et al. v. Teva Pharmaceutical Industries Ltd., et al., C.A. No. 2:09–470

*Eastern District of Louisiana*

Andrew Morgan v. Teva Pharmaceutical Industries Ltd., et al., C.A. No. 2:09–4409

*Eastern District of North Carolina*

Camilla Snipes Weber v. Teva Pharmaceutical Industries Ltd., et al., C.A. No. 7:09–113

*Eastern District of Pennsylvania*

Steven Rosenfeld v. Teva Pharmaceuticals USA, Inc., et al., C.A. No. 2:09–2811

*Northern District of Texas*

Theresa L. Anderson v. Teva Pharmaceutical Industries Ltd., et al., C.A. No. 3:09–1200